# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSE HERNANDEZ-BLANCO and DAVID HERNANDEZ-GOMEZ, | ) ) ) | |
| Petitioners, | ) ) | |
| vs. | ) ) | Case No. CIV-26-278-R |
| WARDEN SCARLET GRANT, et al., | ) ) | |
| Respondents. | ) | |

## ORDER

Petitioners Jose Hernandez-Blanco and David Hernandez-Blanco, proceeding pro se, each filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging their detention by U.S. Immigration and Customs Enforcement.[1] Before the Court is the Report and Recommendation of United States Magistrate Judge Chris M. Stephens [Doc. Nos. 12, 13] recommending that the Court grant the Petition in part and order Respondents to provide Petitioners with a prompt bond hearing under 8 U.S.C. § 1226(a). Respondents filed a timely Objection [Doc. No. 14], which obligates the Court to undertake a de novo review of those portions of the Report to which a specific objection is made.[2] 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

---

[1] In a prior order, the Court granted Petitioners' motion to consolidate and consolidated this action with Case No. CIV-26-282-G.

[2] Petitioners' reply to Respondents' Response to their respective Petitions for Habeas Corpus was received after Judge Stephens issued his Report and Recommendation. The Court has reviewed the reply brief and does not find any reason to depart from Judge Stephens' analysis and recommendations.

1

As explained in the Report, Petitioners are both noncitizens that entered the United States without admission or inspection. They were placed into removal proceedings and, at some point, released from immigration custody. On January 20, 2026, both Petitioners were re-detained by ICE pursuant to 8 U.S.C. § 1225(b)(2)(A), which provides for mandatory detention. Petitioners claim that their detention pursuant to § 1225(b)(2)(A) violates the Immigration and Naturalization Act, 8 U.S.C. § 1101 et seq., and that their arrest and detention violate the Due Process Clause of the Fifth Amendment. Judge Stephens determined that the Court had jurisdiction to consider Petitioners' claims and their detention is controlled by § 1226(a), not § 1225(b)(2)(A). Judge Stephens therefore recommends that the Court order Respondents to provide each Petitioner with a prompt bond hearing under § 1226.

Respondents object to the Report's statutory analysis and conclusion that § 1226 governs Petitioners' detention. Having reviewed the pertinent filings and Respondents' Objection, the Court agrees with Judge Stephens' conclusion that Petitioners' re-detention without an individualized bond hearing violates the INA. The Court further adopts the reasoning set forth in prior cases that addressed this same issue. *See Valdez v. Holt,* Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); *Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *1 (W.D. Okla. Feb. 5, 2026); *Salomov v. Noem*, No. CIV-26-143-R, 2026 WL 607446, at *1 (W.D. Okla. Mar. 4, 2026).[3]

---

The Court acknowledges contrary decisions in *Buenrostro-Mendez v. Bondi*, 166 F. 4th 494 (5th Cir. 2026) and *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).

Accordingly, the Report and Recommendation [Doc. Nos. 12, 13] is ADOPTED. The Petitions for Writ of Habeas Corpus filed by Jose Hernandez-Blanco and David Hernandez-Blanco are GRANTED in part and Respondents are directed to provide each Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a). Because the Court grants relief on statutory grounds, it declines to reach the remaining claims and those claims are dismissed without prejudice.

IT IS SO ORDERED this 1st day of April, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE